UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYCE ANTHONY JACKSON,

    Plaintiff,

v.

MATHEW BOYES, ADAM KAPA, RAWLS BRAXTON, LUKE HOWARD, ERIC WRIT, G. LOOMIS, ALVIN GADDY, J. BISHOP,

    Defendants.

CASE NO. C14-5004 RBL-KLS

ORDER GRANTING MOTION FOR COPIES AND DENYING MOTION FOR COUNSEL

Plaintiff Bryce Anthony Jackson filed a motion requesting copies of all filings in this case and for the appointment of counsel. Dkt. 17. Mr. Jackson states that his legal papers were thrown out by officials at the Stafford Creek Corrections Center (SCCC). He also seeks the appointment of counsel. *Id.* Defendants take no position on Mr. Jackson's request for copies but oppose his request for counsel. Dkt. 19.

**DISCUSSION**

**A.    Request for Copies**

Copies of case documents can be requested through the Court Clerk at a cost of $.50 per page. However, in light of Mr. Jackson's representation that his legal papers were destroyed and

because there have been relatively few filings in this case (approximately 45 pages), the Court will direct the Clerk to provide Mr. Jackson with copies of all filings to date.  If Mr. Jackson requires additional copies after the date of this Order, he must pay for them.

**B.     Request for Counsel**

There is no right to appointed counsel in cases brought under 42 U.S.C. § 1983.  The Court may only request counsel to represent a party in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); see 28 U.S.C. § 1915(e)(1).  To find an exceptional circumstance, the Court must evaluate both the Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved, and the Plaintiff's likelihood of success on the merits.  *Wilborn*, 789 F.2d at 1331.  Neither of these factors is dispositive and the Court must view both together before requesting appointment of counsel under Section 1915(e).  *Id.*  A plaintiff must show that he has an insufficient grasp of the legal issues involved in his case and an inadequate ability to articulate the factual basis of his claim in order to receive the privilege of appointed counsel.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Mr. Jackson has demonstrated an ability to articulate his claims pro se.  The legal issues underlying his Complaint are not complex and Mr. Jackson has laid out the facts that he believes form the basis of his claims.  Mr. Jackson has not demonstrated that he is likely to succeed on the merits.  Accordingly, this case does not present an exceptional circumstance.

It is, therefore, **ORDERED**:

(1)     Mr. Jackson's motion (Dkt. 17) is **GRANTED in part.**  The Clerk shall forward copies of the filings in this case to date to Mr. Jackson.  Mr. Jackson's motion for counsel is **DENIED.**

ORDER GRANTING MOTION FOR COPIES AND
DENYING MOTION FOR COUNSEL- 2

(2) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 8th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION FOR COPIES AND
DENYING MOTION FOR COUNSEL- 3